THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Kim Petsalis<br>　　　Plaintiff, | Case No. |
| v. | |
| Franciscan Alliance, Inc.,<br>　　　Defendants. | **TRIAL BY JURY DEMANDED** |

## COMPLAINT

*Jurisdiction and Venue*

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Genetic Information Nondiscrimination Act of 2008 (42 USCS §§ 2000ff et seq.), The Health Insurance Portability and Accountability Act (42 USCS § 1320d et seq.), The Age Discrimination in Employment Act (the "ADEA"), and The Americans with Disabilities Act (42 USC § 12101 et seq.)

2. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this court because:

　a. the unlawful employment practices and civil rights violations alleged in this complaint have been, and now are being committed within the Northern District of the State of Indiana;

　b. the Defendant is an entity with the capacity to sue and be sued in its common name under applicable Indiana laws and subject to the court's personal jurisdiction with respect to this civil action and venue is proper pursuant to 28 USCS § 1391; and

    c.   the Plaintiff resides in this district.

*Parties*

4.    Plaintiff, Kim Petsalis, lives in Lake County, Indiana.

5.    Franciscan Alliance, Inc. has its principal places of business in Indiana and regularly transacts business in the state.

6.    Defendant is an employer subject to the provisions of Title VII in that it is a corporation, affects interstate commerce, and has employed 50 or more persons for each working day in each of 12 or more calendar weeks in the current or preceding calendar year.

7.    Defendant is and at all material times has been a company authorized or organized and existing under laws of the State of Indiana, with offices located in Lake County, Indiana.

*Conditions Precedent*

8.    Prior to the institution of this action, Plaintiff, claiming to be aggrieved, filed charges of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.    The Commission investigated these charges and issued to Plaintiff a right to sue notice, the notice is attached hereto as Exhibit 1.

10.    All conditions precedent to the institution of this action have been fulfilled.

*Factual Background*

11.    Defendant is a company with several hundred employees.

12.    Franciscan Alliance, Inc. provides access to the benefits of health insurance via, among other means, its online computing systems and its clinics.

13.    Ms. Kim Petsalis ("Plaintiff") is an employee of Defendant ("Franciscan").

14. The Plaintiff holds a baccalaureate in nursing and is an Indiana licensed B.S.N. that worked as a House Supervisor for the Defendant.

15. The Defendant significantly affects Plaintiff's access to employment benefits including the benefits of health insurance coverage.

16. Plaintiff is over 40 years old.

17. Plaintiff, due to her age, is more likely to suffer from chronic diseases than other younger and similarly situated employees. In August of 2013, Ms. Petsalis suffered a stroke.

18. Defendant discriminatorily implements, by itself and by and through its agents, a return to work test (the "Test").

19. After her stroke, the Plaintiff began an authorized family medical leave.

20. Less than 12 weeks later the Plaintiff received a letter from her doctor that she was okay to return to work.

21. The Plaintiff, upon her return to work as a House Supervisor, was required by the Defendant to take the Test.

## COUNT I

22. The foregoing paragraphs are hereby incorporated into this count.

23. Other employees of the Defendant, including its priest, and a younger male were off for injuries but were not required by the Defendant to take a Test like the Plaintiff was required to do.

24. On December 16, 2013 the Plaintiff was fired due to her age, gender, disability and other wrongful reasons and another younger non-disabled male took her position.

25. Without Plaintiff's consent, Defendant shared the Plaintiff's personal information

related to the Test, the screening assessment and Plaintiff's health insurance charges and fees with third parties.

26. Plaintiff was required by Defendant to complete a health questionnaire as well as completing the Test.

27. The questionnaire included questions that are wholly unrelated to the Plaintiff's job duties or her injuries that prompted her FMLA leave including questions related to her physical abilities and disabilities.

28. The questions on the questionnaire included questions about Plaintiff's family and family history as well as questions related to Plaintiff's own genetics ("Genetic information").

29. In order to take the Test, Defendant is believed to have required Plaintiff to allow a third party to share her personal health information with other third parties for reasons not related to the Test.

30. Defendant refused Plaintiff's request, due to her recent stroke, for an accommodation to continue working 12 hour days and a shorter work week; instead the Defendant required that she work 8 hour days, other employees without disabilities were allowed to work 12 hour days.

31. At the time of the discrimination Plaintiff had passed all necessary requirements to participate and perform in her duties as House Supervisor Nurse.

32. When the Defendant reported the Test status of the Plaintiff along with her personal identification information, Defendant knowingly disclosed uniquely identifying health and other medical information of the Plaintiff to private insurance carriers, data processors, and other unknown entities and individuals without her consent and for their own commercial gain in

violation of privacy laws including without limitation 42 USCS § 1320d-6.

33. The Plaintiff received an examination by the Defendant's physician and that doctor said she was fine.

34. Unlike other employees similarly situated the Defendant required the Plaintiff to submit to a psychiatric examination.

35. Unlike other employees similarly situated, the Defendant completed physical exam questions for the Plaintiff instead of the Plaintiff completing those questions on her own.

36. Because of the Defendant's discrimination and other wrongful acts, Plaintiff has been damaged monetarily.

37. Because of the Defendant's discrimination and other wrongful acts, Plaintiff has been defamed by the Defendant who has published her to the public as being a debilitated stroke victim and damaged her thereby.

38. Due to Defendant's actions, Plaintiff is in fear of losing her abilities to work as a B.S.N. with other healthcare organizations and files this Complaint with much trepidation.

39. At all material times, the Defendant has been and is intentionally engaging in discriminatory action against Plaintiff who has expressed opposition to Defendant's unlawful employment practices in violation of Title VII, GINA, ADEA and the ADAAA. These retaliatory policies and practices include, but are not limited to:

a. Failure and refusal to grant Plaintiff equal terms and conditions of employment as compared to similarly situated non-protected employees.

b. Actual, pre-textual, and constructive reduction of the employment benefits of Plaintiff.

40. These employment practices are unlawful employment practices that discriminate and are in violation of Title VII, GINA, ADEA and the ADAAA among others.

41. As a direct, proximate, and foreseeable result of Defendant's direct, indirect, unintentional, careless, reckless, negligent, unreasonable, malicious, callous, intentional, willful and/or knowing actions of Defendant acting within the course and scope of its duties and/or employment, individually and in concert, Kim Patselis suffered damages and continues to sustain harm.  Her damages include those which justify the awarding of liquidated (exemplary) damages in favor of Kim Petsalis against the Defendant; and an award in favor of Kim Petsalis and against the Defendant, for her attorney fees, expert witness fees and other costs associated in filing this Complaint.

42. Kim Petsalis has incurred costs and expenses to file this action against Defendant to protect her constitutional and statutory rights. She has suffered general emotional distress, general mental pain and suffering, humiliation, embarrassment to name, character and reputation, decreased employability, loss of employment benefits due to the actions and inactions of the Defendant by their agents, servants, supervisors, administrators, human resources and/or employees acting within the course and scope of their employment.

43. In addition, the above acts by Defendant, and its agents, servants, supervisors, administrators, human resources and/or employees acting within the course and scope of their duties and/or employment, individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify the awarding of actual, compensatory and/or punitive damages in favor of Kim Petsalis against Defendant and an award in favor of Plaintiff and against the Defendant for her attorney fees, expert witness fees and other costs associated in

filing this Complaint.

## COUNT II

44. The foregoing paragraphs are hereby incorporated into this count.

45. After the Defendant ignored Plaintiff's complaints and then wrongfully deemed Plaintiff to be unfit for duty, Plaintiff began to be held out in the public eye as being a debilitated stroke victim; the Defendant is believed to have advised Plaintiff's colleagues and Defendant's third party vendors of the Plaintiff's complaining of discrimination and caused the colleagues and vendors to treat Plaintiff differently and with disdain, at different times and with a cumulative effect, and over the course of days thereby creating a hostile work environment.

46. In retaliation for Plaintiff having complained, orally and otherwise, of how she was being treated differently, pointing to the Defendant's discrimination and other wrongful acts, Defendant intentionally ignored Plaintiff's complaints and instead ordered her to see their doctor a second time; This time that doctor deemed her unfit for work.

## COUNT III

47. The foregoing paragraphs are hereby incorporated into this count.

48. The Defendants communicated to others that the Plaintiff is a debilitated stroke victim, which tends to lower a person's reputation, all the while knowing that Plaintiff was not a debilitated stroke victim.

49. The Defendant knowingly made false communications that have defamed the Plaintiff, pursuant to Indiana laws, and caused her great harm.

*Jury Demand*

50. COMES NOW the Plaintiff, Kim Petsalis, by counsel, and demands trial by jury.

WHEREFORE, premises considered, the Plaintiff, being injured by the Defendant's wrongful acts, requests that this Court issue 1) A decree ordering the Defendant to make Plaintiff whole, including, but not limited to, providing financial compensation, and restitution in an amount to be proved at trial, and by providing other affirmative relief necessary to eradicate the effects of the Defendant's past and present unlawful employment practices; 2) A Judgment for the Plaintiff for her actual, compensatory and punitive damages; 3) An award to the Plaintiff for her reasonable attorney fees and costs in this action; 4) An award to the Plaintiff for prejudgment interest at the statutory rate; 5) A Judgment for the Plaintiff compensating her for the general emotional distress and humiliation Plaintiff has suffered as a result of defendant's unlawful conduct; and 6) An order for all other relief that is necessary and proper.

Respectfully submitted,

/s/Daniel Zamudio
Daniel Zamudio, Patent Attorney
Zamudio Law Professionals, PC
233 South Colfax
Griffith, Indiana 46319
Phone (219) 924-2300
Fax (219) 924-2401
dan@zlawpro.com