# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

KIM PETSALIS,             )
                                    )
            **Plaintiff,**       )
                                      )
**v.**                                 )      **CASE NO.:  2:16-cv-00290**
                                      )
**FRANCISCAN ALLIANCE, INC. ,**   )
                                      )
            **Defendant.**      )

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Franciscan Alliance, Inc., by counsel, for its Answer and Affirmative Defenses, states as follows:

### Jurisdiction and Venue

### Complaint No. 1:

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Genetic Information Nondiscrimination Act of 2008 (42 USCS §§ 2000ff et seq.), The Health Insurance Portability and Accountability Act (42 USCS § 1320d et seq.), The Age Discrimination in Employment Act (the "ADEA"), and The Americans with Disabilities Act (42 USC § 12101 et seq.)

### Answer:

Defendant admits that plaintiff has brought the action pursuant to the statutes cited, but defendant denies that plaintiff has a right to pursue a claim under the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Health Insurance Portability and Accountability

Act ("HIPAA"), and the Age Discrimination in Employment Act (the "ADEA"), and defendant further denies that plaintiff has a meritorious cause of action or is entitled to relief under any of her claims.

**Complaint No. 2:**

This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343.

**Answer**:

Defendant only admits that this Court has subject jurisdiction over her Title VII sex discrimination claim and her disability discrimination claim, pursuant to the statutes cited by plaintiff, but defendant denies that the Court has subject matter jurisdiction over plaintiff's genetic information discrimination claim or age discrimination claim.

**Complaint No. 3:**

Venue is proper in this court because:

a. the unlawful employment practices and civil rights violations alleged in this complaint have been, and now are being committed within the Northern District of the State of Indiana;

b. the Defendant is an entity with the capacity to sue and be sued in its common name under applicable Indiana laws and subject to the court's personal jurisdiction with respect to this civil action and venue is proper pursuant to 28 USCS § 1391; and

c. the Plaintiff resides in this district.

**Answer**:

Defendant denies that it engaged in any unlawful employment practices or committed any civil rights violations, but otherwise admits that, based on plaintiff's allegations, venue is proper in the Northern District of Indiana.

## Parties

**Complaint No. 4:**

Plaintiff, Kim Petsalis, lives in Lake County, Indiana.

**Answer**:

Defendant is without knowledge regarding where plaintiff lives, but since the Dismissal and Notice of Rights document attached as Exhibit 1 to the complaint indicates that plaintiff lives in the Town of Demotte, defendant denies that she lives in Lake County, Indiana.

**Complaint No. 5:**

Franciscan Alliance, Inc. has its principal places of business in Indiana and regularly transacts business in the state.

**Answer:**

Defendant admits that it has its principal places of business in Indiana and regularly transacts business in the state.

**Complaint No. 6:**

Defendant is an employer subject to the provisions of Title VII in that it is a corporation, affects interstate commerce, and has employed 50 or more persons for each working day in each of 12 or more calendar weeks in the current or preceding calendar year.

**Answer:**

Defendant admits that it is an employer within the meaning of the statute cited by plaintiff.

**Complaint No. 7:**

Defendant is and at all material times has been a company authorized or organized and existing under laws of the State of Indiana, with offices located in Lake County, Indiana.

**Answer:**

Defendant is without knowledge and information regarding what plaintiff means by "at all material times," but admits that it is and has been a company authorized or organized and existing under laws of the State of Indiana, with offices located in Lake County, Indiana.

**Conditions Precedent**

**Complaint No. 8:**

Prior to the institution of this action, Plaintiff, claiming to be aggrieved, filed charges of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC").

**Answer:**

Defendant denies that plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on genetic information or age, and also denies that plaintiff filed a charge of retaliation, but defendant admits that plaintiff filed charges of discrimination based on sex and disability, only.

**Complaint No. 9:**

The Commission investigated these charges and issued to Plaintiff a right to sue notice, the notice is attached hereto as Exhibit 1.

**Answer:**

Defendant denies that the Equal Employment Opportunity Commission ("EEOC") investigated charges of discrimination based on genetic information or age, and denies that the EEOC investigated alleged retaliation, since no such charges were filed; however, defendant admits that the EEOC investigated plaintiff's charges of sex discrimination and disability discrimination, only, before issuing the Dismissal and Notice of Rights document attached as Exhibit 1 to the complaint.

**Complaint No. 10:**

All conditions precedent to the institution of this action have been fulfilled.

**Answer:**

Defendant denies that all conditions precedent to the institution of this action were fulfilled because plaintiff never filed charges of discrimination based on genetic information or age and never filed a charge of retaliation with the EEOC.

**Factual Background**

**Complaint No. 11:**

Defendant is a company with several hundred employees.

**Answer**:

Defendant admits that it has several hundred employees.

**Complaint No. 12:**

Franciscan Alliance, Inc. provides access to the benefits of health insurance via, among other means, its online computing systems and its clinics.

**Answer**:

Defendant admits only that it provides health insurance benefits to its eligible employees, but defendant denies the balance of the allegation in plaintiff's complaint.

**Complaint No. 13:**

Ms. Kim Petsalis ("Plaintiff") is an employee of Defendant ("Franciscan").

**Answer:**

Defendant denies that plaintiff is currently its employee.

**Complaint No. 14:**

The Plaintiff holds a baccalaureate in nursing and is an Indiana licensed B.S.N. that worked as a House Supervisor for the Defendant.

**Answer:**

Defendant admits that plaintiff has the degree she alleges and that she worked as a House Supervisor for defendant.

**Complaint No. 15:**

The Defendant significantly affects Plaintiff's access to employment benefits including the benefits of health insurance coverage.

**Answer:**

Defendant denies that it significantly affects plaintiff's access to employment benefits, since plaintiff received all available benefits while in defendant's employ.

**Complaint No. 16:**

Plaintiff is over 40 years old.

**Answer**:

Defendant admits that plaintiff is over the age of 40.

**Complaint No. 17:**

Plaintiff, due to her age, is more likely to suffer from chronic diseases than other younger and similarly situated employees. In August of 2013, Ms. Petsalis suffered a stroke.

**Answer:**

Defendant is without knowledge and information regarding whether plaintiff was more likely suffer from chronic diseases that younger similarly situated employee, although defendant admits that plaintiff suffered a stroke in August of 2013.

**Complaint No. 18:**

Defendant discriminatorily implements, by itself and by and through its agents, a return to work test (the "Test").

**Answer:**

Defendant denies that it discriminatorily implements, by itself and by and through its agents, a return to work test.

**Complaint No. 19:**

After her stroke, the Plaintiff began an authorized family medical leave.

**Answer**:

Defendant admits that after experiencing a stroke, plaintiff began an authorized family medical leave.

**Complaint No. 20:**

Less than 12 weeks later the Plaintiff received a letter from her doctor that she was okay to return to work.

**Answer**:

Defendant admits that less than twelve weeks after plaintiff experienced a stroke, she received a letter from her doctor clearing her to return to work.

**Complaint No. 21:**

The Plaintiff, upon her return to work as a House Supervisor, was required by the Defendant to take the Test.

**Answer**:

Defendant denies that plaintiff was required to take a test upon her return, but acknowledges that plaintiff was evaluated when difficulties with performing her job duties was observed.

## COUNT I

**Complaint No. 22:**

The foregoing paragraphs are hereby incorporated into this count.

**Answer**:

Defendant restates and incorporates its answers to rhetorical paragraphs 1-21 of the plaintiff's complaint as if all of the language was set forth here in full.

**Complaint No. 23:**

Other employees of the Defendant, including its priest, and a younger male were off for injuries but were not required by the Defendant to take a Test like the Plaintiff was required to do.

**Answer:**

Defendant denies that there were similarly situated co-workers of plaintiff, as described by plaintiff, who were off for injuries and not required to take a test.

**Complaint No. 24:**

On December 16, 2013 the Plaintiff was fired due to her age, gender, disability and other wrongful reasons and another younger non-disabled male took her position.

**Answer:**

Defendant denies that it fired plaintiff or that any of its actions were based on discrimination against plaintiff due to age, disability or any other unlawful reason; and defendant admits that the individual who filled the position plaintiff occupied before her stroke is a younger, non-disabled male.

**Complaint No. 25:**

Without Plaintiff's consent, Defendant shared the Plaintiff's personal information related to the Test, the screening assessment and Plaintiff's health insurance charges and fees with third parties.

**Answer:**

Defendant denies that it shared plaintiff's personal information related to a test and screening assessment with any unauthorized parties, particularly without plaintiff's consent.

**Complaint No. 26:**

Plaintiff was required by Defendant to complete a health questionnaire as well as completing the Test.

**Answer:**

Defendant denies that plaintiff was required to complete any unlawful health questionnaire.

**Complaint No. 27:**

The questionnaire included questions that are wholly unrelated to the Plaintiff's job duties or her injuries that prompted her FMLA leave including questions related to her physical abilities and disabilities.

**Answer:**

Defendant denies that any documents plaintiff completed contained unlawful questions.

**Complaint No. 28:**

The questions on the questionnaire included questions about Plaintiff's family and family history as well as questions related to Plaintiff's own genetics ("Genetic information").

**Answer:**

Defendant denies that any documents plaintiff completed contained unlawful questions about plaintiff's genetics.

**Complaint No. 29:**

In order to take the Test, Defendant is believed to have required Plaintiff to allow a third party to share her personal health information with other third parties for reasons not related to the Test.

**Answer:**

Defendant denies that any documents plaintiff completed contained unlawful questions, and defendant denies that it unlawfully required plaintiff to unlawfully share her personal health information.

**Complaint No. 30:**

Defendant refused Plaintiff's request, due to her recent stroke, for an accommodation to continue working 12 hour days and a shorter work week; instead the Defendant required that she work 8 hour days, other employees without disabilities were allowed to work 12 hour days.

**Answer:**

Defendant denies that it declined to provide plaintiff any reasonable accommodation regarding her schedule, and defendant denies that it treated plaintiff less favorably that any of her non-disabled co-workers.

**Complaint No. 31:**

At the time of the discrimination Plaintiff had passed all necessary requirements to participate and perform in her duties as House Supervisor Nurse.

**Answer:**

Defendant denies that plaintiff, after experiencing a stroke, met the necessary requirements to participate in and perform the duties of House Supervisor.

**Complaint No. 32:**

When the Defendant reported the Test status of the Plaintiff along with her personal identification information, Defendant knowingly disclosed uniquely identifying health and other

medical information of the Plaintiff to private insurance carriers, data processors, and other unknown entities and individuals without her consent and for their own commercial gain in violation of privacy laws including without limitation 42 USCS § 1320d-6.

**Answer:**

Defendant denies that it unlawfully disclosed the information described by the plaintiff, denies that it made any disclosure without the plaintiff's consent, denies the alleged motive for its actions, and denies that it violated any privacy laws.

## Complaint No. 33:

The Plaintiff received an examination by the Defendant's physician and that doctor said she was fine.

**Answer:**

Defendant denies that its physician, upon examining the plaintiff, said she was fine.

## Complaint No. 34:

Unlike other employees similarly situated the Defendant required the Plaintiff to submit to a psychiatric examination.

**Answer:**

Defendant denies that it required the plaintiff to submit to a psychiatric examination, and defendant denies that it treated the plaintiff different than similarly situated employees, as there were none.

## Complaint No. 35:

Unlike other employees similarly situated, the Defendant completed physical exam questions for the Plaintiff instead of the Plaintiff completing those questions on her own.

**Answer:**

Defendant denies that it unlawfully completed physical exam questions for the plaintiff, and defendant denies that it treated the plaintiff different than similarly situated employees, as there were none.

## Complaint No. 36:

Because of the Defendant's discrimination and other wrongful acts, Plaintiff has been damaged monetarily.

**Answer:**

Defendant denies that it discriminated against the plaintiff or committed any wrongful acts, and defendant, therefore, denies that it caused the plaintiff and monetary damage.

## Complaint No. 37:

Because of the Defendant's discrimination and other wrongful acts, Plaintiff has been defamed by the Defendant who has published her to the public as being a debilitated stroke victim and damaged her thereby.

**Answer:**

Defendant denies that it discriminated against the plaintiff or committed any wrongful acts, and defendant, therefore, denies that it defamed the plaintiff or wrongfully published any information and caused her damage thereby.

## Complaint No. 38:

Due to Defendant's actions, Plaintiff is in fear of losing her abilities to work as a B.S.N. with other healthcare organizations and files this Complaint with much trepidation.

**Answer:**

Defendant denies that it discriminated against the plaintiff or committed any wrongful acts, and defendant denies that it has given the plaintiff any reason to fear losing her ability to work, although defendant is without knowledge and belief as to whether plaintiff is in fear of losing her job or has trepidation about filing her complaint.

**Complaint No. 39:**

At all material times, the Defendant has been and is intentionally engaging in discriminatory action against Plaintiff who has expressed opposition to Defendant's unlawful employment practices in violation of Title VII, GINA, ADEA and the ADAAA. These retaliatory policies and practices include, but are not limited to:

a. Failure and refusal to grant Plaintiff equal terms and conditions of employment as compared to similarly situated non-protected employees.

b. Actual, pre-textual, and constructive reduction of the employment benefits of Plaintiff.

**Answer:**

Defendant is without knowledge and information regarding what plaintiff means by "at all material times," but defendant denies that it intentionally discriminated against the plaintiff, denies that the plaintiff opposed any alleged unlawful employment practices based upon the statutes cited in the plaintiff's complaint or otherwise, denies that it failed or refused to grant the plaintiff equal terms and conditions of employment as compared to similarly situated non-protected employees, as there were none, and denies that it caused any actual, pretextual or constructive reduction in any employment benfits to which the plaintiff was lawfully entitled.

**Complaint No. 40:**

These employment practices are unlawful employment practices that discriminate and are in violation of Title VII, GINA, ADEA and the ADAAA among others.

**Answer:**

Defendant denies that its employment practices are unlawful, and defendant denies that its employment practices are discriminatory or in violation of the statutes cited in the plaintiff's complaint or otherwise.

**Complaint No. 41:**

As a direct, proximate, and foreseeable result of Defendant's direct, indirect, unintentional, careless, reckless, negligent, unreasonable, malicious, callous, intentional, willful and/or knowing actions of Defendant acting within the course and scope of its duties and/or employment, individually and in concert, Kim Patselis suffered damages and continues to sustain harm. Her damages include those which justify the awarding of liquidated (exemplary) damages in favor of Kim Petsalis against the Defendant; and an award in favor of Kim Petsalis and against the Defendant, for her attorney fees, expert witness fees and other costs associated in filing this Complaint.

**Answer:**

Defendant denies that it engaged in any of the wrongful conduct alleged by the plaintiff, denies that the plaintiff has been damaged or continues to suffer damage by virtue of the defendant's actions, denies that the plaintiff is entitled to any award of damages, and denies that it is liable to the plaintiff for attorneys fees, expert fees, costs or any other such compensation or relief.

**Complaint No. 42:**

Kim Petsalis has incurred costs and expenses to file this action against Defendant to protect her constitutional and statutory rights. She has suffered general emotional distress, general mental pain and suffering, humiliation, embarrassment to name, character and reputation, decreased employability, loss of employment benefits due to the actions and inactions of the Defendant by their agents, servants, supervisors, administrators, human resources and/or employees acting within the course and scope of their employment.

**Answer:**

Defendant denies that it violated any of the plaintiff's constitutional rights because defendant is not a governmental entity or state actor, and in any event, all of its actions were lawful; and defendant further denies that it caused the plaintiff to experience general emotional distress, general mental pain and suffering, humiliation, embarrassment to name, character and reputation, decreased employability, loss of employment benefits or any other damages, either through the actions of its agents, servants, supervisors, administrators, human resources and/or employees acting within the course and scope of their employment or in any other manner.

**Complaint No. 43:**

In addition, the above acts by Defendant, and its agents, servants, supervisors, administrators, human resources and/or employees acting within the course and scope of their duties and/or employment, individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify the awarding of actual, compensatory and/or punitive damages in favor of Kim Petsalis against Defendant and an award in favor of Plaintiff and

against the Defendant for her attorney fees, expert witness fees and other costs associated in filing this Complaint.

**<u>Answer:</u>**

Defendant denies that it engaged in any of the wrongful conduct alleged by the plaintiff, either through its agents, servants, supervisors, administrators, human resources and/or employees acting within the course and scope of their duties and/or employment or otherwise, further denies that its conduct, individually or in concert, were willful, wanton, malicious, intentional and oppressive, and therefore, defendant denies that the plaintiff is entitled to any award of damages, attorneys fees, expert witness fees, costs or any other such compensation or relief.

## COUNT II

**<u>Complaint No. 44:</u>**

The foregoing paragraphs are hereby incorporated into this count.

**<u>Answer</u>**:

Defendant restates and incorporates its answers to rhetorical paragraphs 1-43 of the plaintiff's complaint as if all of the language was set forth here in full.

**<u>Complaint No. 45:</u>**

After the Defendant ignored Plaintiff's complaints and then wrongfully deemed Plaintiff to be unfit for duty, Plaintiff began to be held out in the public eye as being a debilitated stroke victim; the Defendant is believed to have advised Plaintiff's colleagues and Defendant's third party vendors of the Plaintiff's complaining of discrimination and caused the colleagues and

vendors to treat Plaintiff differently and with disdain, at different times and with a cumulative effect, and over the course of days thereby creating a hostile work environment.

**Answer:**

Defendant denies that it engaged in any of the wrongful conduct alleged by the plaintiff, denies that it advised or caused the plaintiff to be treated in any particular manner, and therefore, defendant denies that it created a hostile working environment.

## Complaint No. 46:

In retaliation for Plaintiff having complained, orally and otherwise, of how she was being treated differently, pointing to the Defendant's discrimination and other wrongful acts, Defendant intentionally ignored Plaintiff's complaints and instead ordered her to see their doctor a second time; This time that doctor deemed her unfit for work.

**Answer:**

Defendant denies that it engaged in any of the wrongful conduct alleged by the plaintiff, and denies that it retaliated against the plaintiff; although defendant does admit that a healthcare professional evaluated the plaintiff and independently concluded that the plaintiff could not perform the duties of her position.

## COUNT III

## Complaint No. 47:

The foregoing paragraphs are hereby incorporated into this count.

**Answer**:

Defendant restates and incorporates its answers to rhetorical paragraphs 1-46 of the plaintiff's complaint as if all of the language was set forth here in full.

**Complaint No. 48:**

The Defendants communicated to others that the Plaintiff is a debilitated stroke victim, which tends to lower a person's reputation, all the while knowing that Plaintiff was not a debilitated stroke victim.

**Answer:**

Defendant denies that it engaged in any of the wrongful communications alleged by the plaintiff, denies the plaintiff's allegations about her reputation, and denies that it made any false statement about the plaintiff to any person or entity that it knew to be untrue.

**Complaint No. 49:**

The Defendant knowingly made false communications that have defamed the Plaintiff, pursuant to Indiana laws, and caused her great harm.

**Answer:**

Defendant denies that it engaged in any of the wrongful communications alleged by the plaintiff, denies that it made any false statement about the plaintiff to any person or entity that it knew to be untrue, denies that it defamed the plaintiff, pursuant to Indiana law, and therefore, defendant denies that it caused the plaintiff any harm.

WHEREFORE, defendant respectfully requests that the plaintiff take nothing by way of her complaint; defendant requests that costs and attorneys' fees for the defense of this action be assessed against the plaintiff and in favor of defendant, and defendant requests all further just and proper relief.

## AFFIRMATIVE DEFENSES

For its further answer and affirmative defenses to plaintiff's complaint, defendant provides:

1. Any allegation in the plaintiff's complaint which has not been already specifically admitted, denied, or otherwise controverted, is hereby denied.

2. There is no subject matter jurisdiction over the plaintiff's claims of alleged age discrimination, alleged genetic information discrimination, alleged retaliation, and alleged invasion of privacy.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted, including with regard to her claims of alleged age discrimination, alleged genetic information discrimination, alleged retaliation, and alleged invasion of privacy.

4. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to otherwise avoid harm.

5. Plaintiff's contentions and allegations, and the facts of the case, do not support a claim for punitive or exemplary damages under applicable law.

6. Plaintiff is not entitled to recover punitive damages because defendant engaged in good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

7. Any claim for punitive or exemplary damages, or any other claim for damages, have federal and/or state statutory and common law damage prohibitions and/or caps that also apply to limit any such claims.

8. Plaintiff's claims are barred to the extent it is ultimately determined that she filed her complaint more than 90 days after receiving her "Right to Sue Letter" from the Equal Employment Opportunity Commission.

9. Plaintiff's complaint is barred because it was not filed within the applicable statute of limitations.

10. Plaintiff's claims are barred to the extent that she seeks to base claims on events occurring outside of the applicable statute of limitations.

11. Plaintiff's claims for age discrimination, genetic information discrimination and retaliation are barred because she did not present such claims to the Equal Employment Opportunity Commission before filing this lawsuit.

12. Plaintiff's claims are barred to the extent she seeks to base claims on events which were not part of her charge filed with the Equal Employment Opportunity Commission.

13. Plaintiff is not entitled to recover under the ADEA because all actions of which she complains were based on reasonable factors other than age.

14. Plaintiff is not entitled to recover under the ADA or ADEA because she voluntarily resigned from employment and was not discharged from employment.

15. Plaintiff's claims for relief are barred to the extent that she failed to mitigate her damages.

16. Plaintiff is not entitled to pursue relief under the Health Insurance Portability and Accountability Act because to private cause of action is recognized.

17. Plaintiff failed to exhaust available administrative remedies.

18. Plaintiff unreasonably failed to utilize defendant's established policies and procedures for reporting complaints of discrimination and/or retaliation, and defendant had no reasonable notice of alleged discrimination.

19. Defendant possessed a qualified privilege to have made all of the communications on which the plaintiff bases her claims for defamation.

20. Defendant's communications on which the plaintiff bases her claims for defamation were true and were not known by the defendant to be false at the time of such communications.

WHEREFORE, defendant respectfully requests that the plaintiff take nothing by way of her complaint; defendant requests that costs and attorneys' fees for the defense of this action be assessed against the plaintiff and in favor of defendant, and defendant requests all further just and proper relief.

Respectfully submitted by,

**JOHNSON & BELL, P.C.**
Attorneys for Defendant


By: */s/ Robert J. Dignam*_____
    Robert J. Dignam

    11051 Broadway, Suite B
    Crown Point, IN  46307
    (219) 791-1900
    Fax:  (219) 791-1901
    E-mail:  dignamr@jbltd.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of defendant's Answer and Affirmative Defenses to be served upon the following counsel of record, via the Court's ECF notification on this 6th day of September, 2016.

Daniel Zamudio
Zamudio Law Professionals, PC
233 South Colfax
Griffith, Indiana 46319
dan@zlawpro.com

*/s/ Robert J. Dignam*
Robert J. Dignam, #11177-45

JOHNSON & BELL, P.C.
11051 Broadway, Suite B
Crown Point, IN  46307
(219) 791-1900
Fax:  (219) 791-1901
E-mail:  dignamr@jbltd.com